**FAUOLO, Plaintiff**

v.

**TAUVAELUA, Defendant**

No. 22-1911

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Lumautu", "Pugapuga", "Solotai" or "Masinauina", "Fetai", "Lepano", "Solotao" or "Solouta", "Fagaone" and "Tialaa" near Poloa]

February 13, 1912

H. M. T. PEARCE, Chaplain, U.S.N., *Senior Member;* J. L. DWYER, *Member;* and MAUGA, *Member*

DECISION█

Fauolo-Sila, a chief of Poloa in the Western District instituted this action in the High Court to determine the ownership of a number of pieces of land situated near Poloa. Upon the preliminary examination by the Court, the

defendant disclaimed any knowledge of or claim to the sections of land called LALOMAFA and AGAPIOPIO in the complaint. It is possible that these sections may actually be in dispute between the parties, but as the defendant insisted that she had no claim to any lands called by the above names, the Court was obliged to strike these names from the complaint, and to proceed with the determination of the ownership of the eight pieces of land: LUMAUTU, PUGAPUGA, SOLOTAI (also called Masinauina), FETAI, LEPANO, SOLOTAO (also called Solouta), FAGAONE and TIALAA.

The plaintiff Fauolo-Sila has held the name Fauolo but a short time, but he produced witnesses to show that his predecessors in the name Fauolo have used and cultivated the above lands for a long period of years; that the above lands have always been the lands of the name Fauolo. The defendant claims ownership of the lands as a descendant of the name Taifane, one of the high chiefs of Poloa. Defendant claims that the lands in dispute are the lands of the name Taifane, and that the name Fauolo has no right or claim whatsoever to the lands in dispute. Lelea, husband of defendant, testified that he once redeemed these lands from a claim of a storekeeper in Leone on behalf of his (Lelea's) wife's family. The evidence as to the latter point was uncertain as to details and uncorroborated.

It is admitted by both parties that Fauolo Tago (a predecessor twice removed from present plaintiff) held the lands in dispute, plaintiff claiming that he held the lands as Fauolo lands, and defendant claiming that Fauolo Tago, her brother, held the lands as Taifane lands. During Tago's tenure of the name Fauolo, he sold a piece of land (not included in this dispute) to one Lilo. This transfer was evidently acquiesced in by the defendant's family. In addition to his testimony as to the long period of use and cultivation of these lands by the Fauolo family, the witness Luefale-

mana testified that he succeeded Tago in the name Fauolo and that the lands in dispute passed to him; and upon his retirement from the name, the name Fauolo and the lands in dispute passed to the present plaintiff.

The evidence of defendant in support of her contention was meagre and not properly corroborated, her only witnesses being herself and her husband, while the evidence of the use and cultivation of the land by the plaintiff greatly overweighed the evidence of the defendant on this point.

The evidence given applies about equally to all the various pieces of land. Some of the sections were inspected by the Court during a visit to Poloa, and it was found that there were no houses on the lands; that none of the lands were well cultivated or thoroughly planted, and that the lands were so remote from the village that they could have been planted and the fruit might have been cropped by anyone.

The Court is of the opinion that defendant's brother Tago held these lands as the "matai" of the Fauolo family, and that the title to the lands passed first to Fauolo Luefalemana and from him to the present plaintiff.

Let a decree therefore issue, vesting the title of the lands in dispute in the name Fauolo.

Costs are assessed at $40.00—$30.00 to be paid by defendant and $10.00 by plaintiff.